KATHERINE B. WOOLLEY, PLAINTIFF, v. MEYER TRAUB ET AL., DEFENDANTS.

Decided November 8, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Howard Ewart.*

*Contra, Harry E. Newman.*

PER CURIAM.

Plaintiff brought suit to recover compensation for injuries received by her in a collision between a car of the defendant Nisselson, which was being driven by the other defendant Traub, and a car belonging to one Pearl, in which she was riding when the collision occurred. The trial resulted in a

verdict in her favor, the jury awarding her $500. Considering this award grossly inadequate, she applied to the trial court of a rule to show cause why the verdict should not be set aside and a new trial granted with respect to damages only. This application was granted and a rule to that effect was entered.

The only matter before us under the limitation of the rule is whether or not the plaintiff's contention is justified. The proofs satisfy us that it is, and that a new trial should be ordered because of the gross inadequacy of the verdict. It is of course settled that this court is not bound by the limitations contained in the rule to show cause, but we see no reason for directing a new trial upon the whole case.

The rule to show cause will be made absolute, and the new trial limited to the question of the compensation to which the plaintiff is entitled, by reason of her injuries.